IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON CHRISTOPHER JOHNSON, § § | | |
| Movant, § § | | |
| V. § | No. 3:16-cv-81-D-BN | |
| § UNITED STATES OF AMERICA, § § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Brandon Christopher Johnson, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). United States District Judge Sidney A. Fitzwater has referred this case to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Johnson's Section 2255 motion, which is successive, without prejudice to his right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such a motion.

**Background**

As set out in the Court's decision on Johnson's first Section 2255 motion,

> [a] federal grand jury indicted defendant on two charges related to the unlawful possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Count 1 of the indictment charged defendant with possession of a Taurus nine millimeter pistol.

-1-

> Count 2 of the indictment charged defendant with possession of 24 rounds of nine millimeter ammunition. After waiving his right to a trial by jury, defendant pled guilty to Count 1 of the indictment and was sentenced to 52 months confinement, followed by a two-year term of supervised release. Although defendant waived his right to appeal and to seek post-conviction relief as part of the plea agreement, he appealed his conviction and sentence. The appeal was dismissed after defense counsel filed an Anders brief certifying that there were no nonfrivolous issues for appeal. *United States v. Johnson*, 399 F. App'x 15, 2010 WL 4269250 (5th Cir. Oct. 26, 2010).

*United States v. Johnson*, Nos. 3:11-cv-2628-D & 3:08-cr-226-D, 2011 WL 7109342, at *1 (N.D. Tex. Dec. 12, 2011), *rec. adopted*, 2012 WL 258272 (N.D. Tex. Jan. 26, 2012).

Through his current motion, Johnson appears to assert that his federal gun conviction "has been voided in light" of *Johnson v. United States* because his "prior conviction for evading arrest or detention in a motor vehicle is no longer a violent predicate offense to be used under the Armed Career Criminal Act" (the "ACCA"). Dkt. No. 1 at 3. It appears that Johnson was neither sentenced under the ACCA nor its residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), but, for the reasons explained below, this Court currently lacks jurisdiction to consider his successive Section 2255 motion.

**Legal Standards and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

The United States Supreme Court has granted certiorari to resolve a split among the United States courts of appeals as to whether *Johnson v. United States* applies retroactively to cases on collateral review, like this one. *See Welch v. United States*, 136 S. Ct. ___, No. 15-6418, 2016 WL 90594 (Jan. 8, 2016). But the United States Court of Appeals for the Fifth Circuit has held that *Johnson v. United States* should not apply to cases like this one. *See In re Williams,* 806 F.3d 322, 325-26 (5th

Cir. 2015).

Specifically, in *In re Williams*, the Fifth Circuit determined that *Johnson v. United States* does not fall under either exception to *Teague v. Lane*, 489 U.S. 288 (1989), because *Johnson v. United States* neither announced "a watershed rule," like that "of *Gideon v. Wainwright*," nor does *Johnson v. United States* "forbid the criminalization of any of the conduct covered by the ACCA – Congress retains the power to increase punishments by prior felonious conduct." 806 F.3d at 325.

> *Johnson* took down the residual clause of the ACCA on vagueness grounds, a denial of due process, which is no way forbids the regulatory objective – only insisting upon sufficient clarity as to give fair notice of how it is to be achieved.
>
> More to the point, though, is that *Johnson* also does not forbid a certain category of punishment. As Justice Scalia explained in *Schriro v. Summerlin*, [542 U.S. 348, 351-52 (2004),] substantive rules apply retroactively "because they necessarily carry a significant risk that a defendant ..." faces a punishment that the law cannot impose upon him. Rules that "deprive[ ] the State of the power to impose a certain penalty" are retroactive, but rules that merely alter the sentencing structure under which a penalty is imposed are not. After *Johnson*, defendants ... may, within the bounds of the constitution, face a fifteen year sentence – Congress is not "deprived" of that power. *Johnson* merely mandates that Congress require such punishment with greater clarity – fair notice to persons it engages.

*Id.* at 325-26 (discussing *Penry v. Lynaugh*, 492 U.S. 302 (1989), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002); *Saffle v. Parks*, 494 U.S. 484 (1990); footnotes omitted).

The Fifth Circuit, not this Court, is the proper gatekeeper for successive Section 2255 motions, and Johnson's successive 2255 motion seeking relief pursuant to *Johnson v. United States* should be denied without prejudice to his right to seek leave

from the Fifth Circuit to file a successive Section 2255 motion.

## Recommendation

The Court should deny Johnson's Section 2255 motion as successive without prejudice to his right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such a motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE