IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRANDON CHRISTOPHER JOHNSON, §
§
Movant, §
§
V. § No. 3:16-cv-81-D-BN
§
UNITED STATES OF AMERICA, §
§
Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On February 24, 2016, the Court denied Movant Brandon Christopher Johnson's
unauthorized successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct
sentence without prejudice to his right to file a motion for authorization to file a
successive Section 2255 motion, under 28 U.S.C. § 2244(b)(3), in the United States
Court of Appeals for the Fifth Circuit. *See Johnson v. United States*, No. 3:16-cv-81-D-
BN, 2016 WL 749920 (N.D. Tex. Jan. 13, 2016), *rec. adopted*, *see* No. 3:16-cv-81-D, Dkt.
Nos. 4 & 5 (N.D. Tex. Feb. 24, 2016). On January 10, 2017, the Court received and
docketed, in this now-closed action, handwritten correspondence from Johnson
requesting "assistance in finding a solution under the guise of equitable and fair
justice." Dkt. No. 6. United States District Judge Sidney A. Fitzwater referred
Johnson's correspondence to the undersigned United States magistrate judge under 28
U.S.C. § 636(b)(1)(B) and an order of reference. *See* Dkt. No. 7.

The undersigned issues the following findings of fact, conclusions of law, and

recommendation that, for the reasons stated below, the Court should take no further action as to the correspondence.

### Applicable Background, Legal Standards, and Analysis

As the undersigned explained in the Notice of Deficiency and Order entered January 12, 2017,

> [b]ecause Johnson previously sought relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and because his correspondence references his awaiting a decision from the United States Supreme Court in *Beckles v. United States*, No. 15-8544, it is likely that Johnson may again be seeking relief under 28 U.S.C. § 2255. Even though such a motion would be successive, if he is seeking such relief, he should submit his motion on the appropriate form. *See* Rule 2, RULES GOVERNING SECTION 2255 PROCEEDINGS.

Dkt. No. 8 at 1. Johnson was ordered to file his Section 2255 motion, including all grounds for relief that he believes are available to him, no later than February 13, 2017, "unless he elects to notify the Court that he does not seek relief under Section 2255." *Id.* at 2. As of today, it is more than one month past the deadline for Johnson to comply with the Court's order, and he has yet to do so or otherwise contact the Court.

Similar to dismissal of an action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to obey a court's order in a reasonable amount of time, Johnson's inaction as to the Court's Notice of Deficiency and Order leads to the conclusion that the Court should take no further action with regard to his January 10, 2017 correspondence. This conclusion is bolstered by the outcome in *Beckles*, the case cited in that correspondence, in which the Supreme Court declined to extend *Johnson*

and held that the advisory sentencing guidelines "are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, ___ S. Ct. ____, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).

## Recommendation

The Court should take no further action as to Movant Brandon Christopher Johnson's correspondence received and docketed on January 10, 2017 [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-3-